**UNITED STATES of America, Plaintiff,**

v.

**Glenn Allen SWENKA, Defendant.**

**Crim. No. 89–32.**

United States District Court,
S.D. Iowa.

Aug. 29, 1989.

Christopher D. Hagen, U.S. Atty., and Joseph S. Beck, Asst. U.S. Atty., for plaintiff.

Lawrence L. Lynch, and Stephen N. Greenleaf of Lynch and Greenleaf, Iowa City, Iowa, for defendant.

### MEMORANDUM STATING REASONS FOR SENTENCE

WOLLE, District Judge.

In a three-count Indictment, defendant Glenn Allen Swenka was charged with violations of the National Firearms Act. On June 14, 1989, pursuant to a plea agreement, defendant pleaded guilty to Count 3 of the Indictment, the charge that sometime before July 10, 1988, he had made a sawed-off shotgun that violated 26 United States Code sections 5822, 5861(f), and 5871. Defendant admitted that he had shortened his 20 gauge, pump action shotgun by removing the stock and sawing off the end of the barrel.

At the sentencing hearing held on August 24, 1989, the court received evidence and arguments of counsel on two narrow issues pertaining to the Sentencing Guide-

lines made applicable to this case by the Sentencing Reform Act of 1984. Guideline section 2K2.2(b)(3) provides in pertinent part:

> If the defendant obtained or possessed the firearm solely for sport, recreation or collection, decrease by 6 levels.

The parties agree that the base offense level on the firearms offense in this case is twelve, reduced by two for defendant's acceptance of responsibility. If defendant is entitled to the six-level decrease under section 2K2.2(b)(3), quoted above, for that specific offense characteristic, the offense level total would be four. If defendant is not entitled to that six-level decrease, the offense level total would be ten.

The government makes the technical legal argument that Guideline 2K2.2(b)(3) does not apply to this offense because one who has manufactured a firearm has not "obtained or possessed" the firearm. The government also makes the fact-based argument that the weapon was not obtained or possessed solely for sport or recreation. Defendant, on the other hand, asserts that the section 2K2.2(b)(3) mitigating factor does apply to the making of a firearm, not just its receipt or possession; and he contends the circumstances of this offense fit the requirements of Guideline 2K2.2(b)(3). He testified he had reduced the length of the shotgun only because he enjoyed shooting ground squirrels while he was doing field work on his farm in Johnson County, Iowa. He said the shorter shotgun could more readily be stored in the cabs of his field tractors.

1. *Burden of Proof.* A court satisfies due process at sentencing by considering evidence that has "sufficient indicia of reliability to support its probable accuracy." Guideline 6A1.3(a); *see McMillan v. Pennsylvania,* 477 U.S. 79, 91, 106 S.Ct. 2411, 2419, 91 L.Ed.2d 67 (1986). Defendant contends the government should bear the burden of proving that the specific offense characteristic he relies on was not satisfied. The court disagrees; the defendant has the burden to prove by a preponderance of the evidence that the circumstances of the offense entitled him to a six-level reduction. Defendant ordinarily should bear the burden to prove facts that will lower the potential sentencing range. Moreover, the issue presented by section 2K2.2(b)(3) concerns intent of the defendant at the time he obtained the firearm—here, whether he obtained it solely for sport and recreation. The defendant should bear the burden of proof to establish that he did intend to make the sawed-off shotgun solely for sport or recreation. *See United States v. Urrego–Linares,* 879 F.2d 1234, 1239 (4th Cir.1989).

2. *To Make is to Obtain.* The government urges the court to reject application of section 2K2.2(b)(3) on the threshold legal theory that when defendant made the firearm, it was not "obtained or possessed" by him. The court disagrees. The person who has created an unlawful firearm, or converted a lawful firearm to an unlawful firearm, has thereby "obtained" and "possessed" the firearm. If the person did so "solely for sport, recreation or collection," the person should receive a six level credit whether the offense was making the firearm, receiving it, or possessing it. The plain meaning of "made" is included within the plain meaning of "obtained" as used in this Guideline.

3. *Solely for Sport or Recreation.* Defendant has not established by a preponderance of the evidence that the circumstances of this offense satisfy the Guideline in question. The background and application notes are instructive. The background comment states "there is considerable variation in the conduct included under this statutory provision (concerning receipt, possession or transportation of firearms and other weapons) and some violations may be relatively technical." The Application Notes suggest consideration of several relevant circumstances:

> the number and type of firearms (sawed-off shotguns, for example have few legitimate uses) and ammunition, the location and circumstances of possession, the nature of the defendant's criminal history (*e.g.* whether involving firearms), and the extent to which possession is restricted by local law.

The court has considered those circumstances and, on balance, concludes the defendant had more than sport or recreation in mind when he made the shotgun.

Granted the defendant enjoyed hunting, nevertheless the evidence clearly shows the shortening of the barrel and removal of the stock made this a much less effective weapon for hunting or any other sport activity. Plaintiff testified the only advantage of shortening the shotgun was that he could then more easily carry it with him in the cabs of his field tractors. This evidence was not persuasive; defendant did not prove a shotgun of lawful length would not fit into his field tractors. Moreover, when defendant was arrested for driving while intoxicated, the law enforcement officer found the sawed-off shotgun in defendant's pickup truck, loaded with ammunition, not in a field but on a roadway. Defendant admitted he and his friend had been driving from a party to a bar, had been drinking beer (he subsequently pleaded guilty to driving while intoxicated), and had been using the shotgun that night to shoot at beer cans along county roads. The possession and use of this weapon was unlawful under Iowa law. Iowa Code § 724.1, 724.3 (1987). The court, of course, has the advantage of 20–20 hindsight in measuring what defendant had in mind when he sawed off the barrel and stock of his shotgun. His use of the firearm the night he was arrested belies his testimony concerning his intent when he made it.

Defendant did not prove he made the sawed-off shotgun only so he could shoot at small game while working in the fields, his alleged "sport or recreation purpose" under Guideline 2K2.2(b)(3). His purpose included the use made the night he was arrested, an unlawful use under Iowa law. The applicable offense level under the Guideline is ten. For reasons stated on the record at the close of the sentencing proceeding, the court has placed this hardworking young farmer, who has a drinking problem, on probation, with the requirement that he serve six months of community confinement, receive appropriate treatment for alcohol abuse, and pay a fine of $2,000.00.